UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID NAVE, )<br> )<br> Plaintiff, )<br> )<br> v. ) C.A. No. 22-CV-10442-LTS<br> )<br>CITY OF BOSTON, ET AL., )<br> )<br> Defendant. ) | |

**DEFENDANT, CITY OF BOSTON'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Now comes the Defendant, City of Boston ("the City"), and hereby moves this Honorable Court to dismiss the Plaintiff's Complaint as it relates to the City pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In support of its motion, the City states that (1) Plaintiff has not pled a § 1983 violation against the City, and (2) to the extent Plaintiff's Complaint alleges intentional torts, such claims are barred by M.G.L. c. 258, § (c).

**I. INTRODUCTION**

Plaintiff, David Nave, ("Plaintiff") appearing *pro se* brings this action against the City of Boston and Police Captain John Danilecki alleging constitutional violations and assault and battery arising from Captain Danilecki's use of force against Plaintiff on March 30, 2019. However, Plaintiff's allegations do not support any viable claims against the City, and therefore, the defendant respectfully moves to dismiss the Plaintiff's Complaint for failure to state a claim for which relief can be granted.

## II.     FACTS[1]

On March 30, 2019, at approximately 9 PM, Plaintiff's son informed Plaintiff that his friend's phone had been stolen at a nearby basketball court.[2] Plaintiff and his son walked on Adams Street toward Hemmy Park and, as they were walking, Plaintiff picked up what appeared to be a souvenir bat from the sidewalk.[3] Plaintiff and his son came across four Black men known to his son and engaged them in conversation.[4] Plaintiff heard "3 chimes of something" to his right and then observed Captain Danilecki approach him in police uniform.[5] Plaintiff observed Captain Danilecki holding an expanded baton, which he began swinging over the heads of the four Black males' heads.[6] The males told Captain Danilecki that nothing was wrong, but he continued swinging the baton.[7] Plaintiff's son informed Plaintiff that he recognized Captain Danilecki from a prior interaction.[8]

Plaintiff and the other young men walked away from Captain Danilecki.[9] Plaintiff heard a police car and told the other young men to leave the area.[10] Plaintiff then heard running and observed Captain Danilecki state, "Where is your son?" to which Plaintiff replied, "home."[11] Captain Danilecki grabbed the back of Plaintiff's shirt, pulled him backward onto the ground, and

---

[1] Solely for the purposes of this Motion to Dismiss, the City adopts the facts as presented by the Plaintiff in his Complaint. The factual portion of Plaintiff's Complaint is contained on three pages without paragraph delineations. All facts contained in this Motion to Dismiss come from pages 7-9 of ECF 1.
[2] ECF 1, page 7.
[3] ECF 1, page 7.
[4] ECF 1, page 7.
[5] ECF 1, page 7.
[6] ECF 1, page 8.
[7] ECF 1, page 8.
[8] ECF 1, page 8.
[9] ECF 1, page 8.
[10] ECF 1, page 8.
[11] ECF 1, page 8.

placed his knee on Plaintiff's chest.[12] After further discussion about Plaintiff's son, Captain Danilecki told Plaintiff to leave.[13] Plaintiff claims that he was in the hospital the next day and suffers from a disability.[14]

### III. ARGUMENT

#### A. Standard of Review

A complaint or count therein must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where it fails to state a claim upon which relief can be granted.  In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. *Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir. 1999).  However, this tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (citations omitted). "Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." *Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990).

---

[12] ECF 1, page 8-9.
[13] ECF 1, page 9.
[14] ECF 1, page 9.

To survive a motion to dismiss, Plaintiff must state a claim that is plausible. *See Bell Atlantic Corp*, 550 U.S. at 570. Section 1983 is not just "an instrument of justice in the hands of the weak against the mighty," but it also has the potential for misuse; therefore, a Section 1983 claimant must "at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why." *Dewey v. University of New Hampshire,* 694 F.2d 1, 3 (1st. Cir.1982). Within this analytical framework, the Plaintiff has failed to plead facts that suggest any actionable claim against the City.

> B. **Even if Plaintiff articulated a constitutional violation, Plaintiff still fails to plead a 42 U.S.C. § 1983 action against the City**

To the extent that Plaintiff asserts a § 1983 claim against the City, such claim fails under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 692 (1978). The Supreme Court, "concerned that municipal liability based on fault by the City might collapse into a de facto respondeat superior, has set a very high bar for assessing municipal liability under *Monell*." *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 26 (1st Cir. 2005). It is axiomatic that a municipality is not liable for the tortious actions of its employees simply by virtue of the employment relationship. *See Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) ("[w]e have consistently refused to hold municipalities liable under a theory of respondeat superior"); *Monell*, 436 U.S. at 692 (municipalities are "not responsible for the unauthorized and unlawful acts of its officers"). "[M]unicipal liability is not vicarious." *Estate of Bennett v. Wainwright*, 548 F.3d 155, 177 (1st Cir. 2008). Therefore, to plead municipal liability under § 1983, the plaintiff must allege (1) an unconstitutional "policy or custom" of the City of Boston, and (2) that this policy or custom was "the moving force" behind the alleged injury. *See Brown*, 520 U.S. at 403-05. Plaintiff has failed to articulate or even identify any custom or policy,

promulgated by the City, which he believes has violated his Constitutional rights. He has solely alleged wrongdoing by a single individual.

Though alleged nowhere in his complaint, even if it were, Plaintiff also could not prevail on a failure to train or a failure to supervise claim under § 1983. A failure to train claim is actionable only where "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact" and where "the identified deficiency in a city's training program [is] closely related to the ultimate injury. *Young v. City of Providence*, 404 F.3d 4, 26 (1st Cir. 2005) (*citing City of Canton*, 489 U.S. at 378). Deliberate indifference generally requires that a plaintiff demonstrate "at least a pattern of similar violations" arising from training that is so clearly inadequate as to be "obviously likely to result in a constitutional violation." *Id*. *See also Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 582 (1st Cir. 1994). Here, Plaintiff's Complaint is completely devoid of a single factual allegation that the City does not train its officers in the proper procedures for engaging in street encounters with civilians or use or force or what custom or training was "deliberately indifferent" to Plaintiff's constitutional rights. *See id*. Nor is there any evidence that the City's training is deficient. Further, there is no evidence that could reasonably support a finding that the City was deliberately indifferent to need for more or different training.

Similarly, Plaintiff cannot prevail on a failure to supervise claim. Even if articulated in Plaintiff's Complaint, which it was not, a mere failure to supervise is not a basis for liability under § 1983. Liability will result only if delinquent supervision is so severe as to amount to gross negligence or deliberate indifference to constitutional violations. *Fernandez v. Chardon*, 681 F.2d 42, 56 (1st Cir.1982). It is well-settled that municipal liability does not attach if it is based solely on one specific incident in which the City failed to discipline its employee. Ci*ty of Oklahoma City*

*v. Tuttle*, 471 U.S. 808, 823-24 (1985); *Maldonado v. Fontanes*, 568 F.3d 263, 273-275 (1st Cir.2009); *Kibbe v. City of Springfield*, 777 F.2d 801, 809 n. 7 (1st Cir. 1985); *Landrigan v. City of Warwick*, 628 F.2d 736 (1st Cir.1980); *Evans v. Avery*, 1995 WL 170056 (1995); *Bordanaro*, 871 F.2d at 1156. Plaintiff does not articulate any facts and there is no evidence to support that the City failed to adequately supervise its officers.

Even reading every fact as true and accurate, Plaintiff's Complaint does not articulate any plausible claim for municipal liability because he solely alleges wrongdoing on the part of one individual member of the Boston Police Department. Because Plaintiff has failed to sufficiently plead the existence of an actionable municipal policy or custom, he has failed to state a claim against the City under 42 U.S.C. § 1983 and his Complaint against the City must be dismissed.

    **C.** **To the extent Plaintiff is alleging an intentional tort, such as assault or false arrest, those claims are barred by M.G.L. c. 258, § 10(c)**

Even if Plaintiff articulated sufficient facts to satisfy *Twombly* as to any intentional torts, such as assault or false arrest, the City is immune from liability under by Mass. Gen. Laws Ch. 258 § 10(c). The Plaintiff alleges that he was injured when Captain Danilecki used physical force to place Plaintiff on the ground. As Plaintiff articulates in his Complaint, the alleged actions by Captain Danilecki were intentional acts. To the extent that Plaintiff alleges that these intentional acts were assaultive, or amounted to false arrest, any resulting claim against the City is barred by M.G.L. c. 258 § 10(c).

The exclusion in §10(c) provides that c. 258 liability:

> shall not apply to: … (c) any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations.

"While § 10(c) lists a number of intentional torts, its use of the word "including" indicates that the enumerated list is representative, not all-inclusive, and that any intentional tort is covered by §10(c)." *Barrows v. Wareham Fire District*, 82 Mass. App. Ct. 623, 626 (2012). Plaintiff's claim that the intentional act of stopping Plaintiff and using physical force to take him to the ground and caused him harm, whether pleaded as assault or otherwise, is clearly an intentional tort within the meaning § 10(c). *See id*.

A public employer cannot be sued for any claim arising out of such intentional tort. *Id*. "Pursuant to G. L. c. 258, §10(c), a town is immune from liability for any claim 'arising out of an intentional tort ….'" *McCarthy v. Town of Hamilton*, 2000 WL 282929, at *5 (Mass. Super. Ct., Jan. 7, 2000) (Botsford, J.) (quoting §10(c)). Thus, a municipality such as the City "cannot be sued for intentional tort claims." *Saltzman v. Town of Hanson*, 935 F. Supp. 2d 328, 347 (D. Mass. 2013). Therefore, to the extent that Plaintiff alleges intentional torts, the Complaint against the City should be dismissed under §10(c).

## IV.   CONCLUSION

For the reasons set forth above, the City respectfully requests that the entirety of Plaintiff's Complaint as alleged against the City, be dismissed with prejudice.

Respectfully submitted:

**CITY OF BOSTON**

By its attorneys:

Adam N. Cederbaum
Corporation Counsel


/s/ Sarah J. McAteer
Sarah J. McAteer (BBO# 706403)
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4048
Sarah.McAteer@boston.gov

/s/ Elizabeth L. Bostwick
Elizabeth L. Bostwick (BBO# 644498)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4031
Elizabeth.Bostwick@boston.gov


## CERTIFICATE OF SERVICE

I, Sarah J. McAteer, hereby certify that I served a true copy of the above document upon Plaintiff via this court's electronic filing system on August 3, 2022 and mailed the same through U.S. mail.


/s/ Sarah J. McAteer

Sarah J. McAteer

## **7.1 CERTIFICATION**

I, Sarah J. McAteer, hereby certify that I conferred with Plaintiff on August 3, 2022 regarding the relief requested herein and was unable to narrow the issues.

/s/ Sarah J. McAteer

Sarah J. McAteer