UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 1:22-cv-10442-LTS

DAVID NAVE,

    Plaintiff,

v.

CITY OF BOSTON and
JOHN DANILECKI,

    Defendants.

### DEFENDANT JOHN DANILECKI'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)

The Defendant, John Danilecki ("Defendant") hereby moves this Honorable Court to order *pro se* Plaintiff, David Nave ("Plaintiff") to file a more definite statement of a pleading pursuant to Fed. R. Civ. P. 12(e). Specifically, the Defendant requests that the Plaintiff be required to file a more definite statement of a pleading which complies with the procedural requirements of Fed. R. Civ. P. 8(a) and 10, separately identifies each specific claim or cause of action, and asserts the specific factual and legal (statutory or otherwise) basis for these claims, including a basis for federal jurisdiction.

Plaintiff filed a civil complaint against Defendant Danilecki[1], and Danilecki's employer, the City of Boston, using a form available through the United States District Court for the District of Massachusetts. In the portion of the form which requires the

---

[1] Danilecki is employed as captain within the City of Boston Police Department.

Plaintiff to identify his basis for federal jurisdiction, he checked the box titled "Federal question." Under the portion of the form which required the Plaintiff to "[l]ist the specific federal statutes, federal treaties, and/ or provisions of the United States Constitution that are at issue in this case," Plaintiff wrote "AB with [dangerous weapon]/ no crime/ racial profile/ Date 3/30/2019." Plaintiff also attached a three-page handwritten document setting forth his "Statement of Claim." The factual allegations contained within this document are convoluted and this document does not identify any specific claims or set forth the statutory or other legal basis for any such claims.

Pursuant to Fed. R. Civ. P. 10, a Plaintiff's complaint "must state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Additionally, in accordance with Fed. R. Civ. P. 8(a), a plaintiff must include "sufficient detail in the complaint to give a defendant fair notice of the claim and the grounds upon which it rests." Fed. R. Civ. P. 8(a); Colón-Fontánez v. Municipality of San Juan, 660 F.3d 17, 46 (1st Cir. 2011). A complaint must also contain grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). Plaintiff's complaint fails to comply with each of these procedural requirements.[2]

A motion for more definite statement pursuant to Fed. R. Civ. P. 12(e) is appropriate where a complaint is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e); Visco v. Creditors Relief, LLC, Case No. 20-

---

[2] While pro se pleadings may be viewed less stringently, a petitioner who elects to proceed pro se must still comply with the applicable procedural and substantive rules of law. Lefebvre v. Comm'r, 830 F.2d 417, 419 (1st Cir. 1987), citing Casper v. Commissioner, 805 F.2d 902, 906 n. 3 (10th Cir.1986).

cv-12303-DJC, 2022 WL 488495, at *5 (D. Mass. Feb. 17, 2022).  Such relief is also appropriate where a pleading is not sufficiently clear as to advise the defendants of the claims being brought against them, or where a plaintiff has crafted a 'shotgun pleading,' making it difficult to know which factual allegations in a pleading are intended to support which claims for legal relief.  See <u>MacKenzie v. Pfizer, Inc</u>., Civil Action No. 20-11550-NMG, 2021 WL 7451166, at *4 (D. Mass. Jan. 11, 2021).  A court may also order a more definite statement where a plaintiff's pleading is unclear as to the legal foundation supporting his claims.  <u>Silvia</u>, No. CV 17-310-JJM-LDA, 2017 WL 11477124, at *1, citing <u>McMann v. Cent. Falls Bet. Facility Corp</u>, No. 13-570-ML, 2013 WL 5565507, at *6 (D.R.I. Oct. 8, 2013).  Additionally, Fed. R. Civ. P. 12(e) relief may also be appropriate where a complaint fails to specify what statutes or constitutional provisions are at issue.  See <u>Silvia v. Raimondo</u>, No. CV 17-310-JJM-LDA, 2017 WL 11477124, at *1 (D.R.I. Sept. 29, 2017) (pro se plaintiff required to file complaint containing more definite statement setting forth grounds for legal claims and federal court's jurisdiction including laws allegedly violated by defendant).

      Plaintiff's complaint fails to comply with the requirements of Rules 8(a) and 10 and fails to identify any specific claims or causes of action, any statutory or other legal basis for his claims, or a legal basis for federal jurisdiction.  The Defendant, therefore, requests that this Court order Plaintiff to file a more definite statement of a pleading pursuant to Fed. R. Civ. P. 12(e), which remedies these defects and separately identifies each cause of action.  This relief is necessary in order to allow the Defendant fair notice of the claims asserted against him so that he can formulate an educated responsive pleading and assert informed defenses

        Respectfully submitted,
        The Defendant,
        John Danilecki,
        By his attorney,

        */s/ Evan C. Ouellette*
        Evan C. Ouellette, BBO# 655934
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        699 Boylston Street, 12th Floor
        Boston, MA 02116
        (617) 880-7100
        eouellette@bhpklaw.com

Dated: August 17, 2022

## CERTIFICATE OF SERVICE

    I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

        */s/ Evan C. Ouellette*
        Evan C. Ouellette, BBO# 655934

Dated: August 17, 2022